FILED
2021 Nov-19 PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BLOUNT COUNTY TRACTOR, INC.,** et. al | } } } |
| **Plaintiffs,** | } } |
| v. | } }  Case No.: 2:21-cv-01213-RDP |
| **KUBOTA TRACTOR CORP.,** | } } } |
| **Defendant.** | } |

### **MEMORANDUM OPINION**

This case is before the court on Defendant's Motion to Dismiss. (Doc. # 5). The motion is fully briefed (Docs. # 5, 15, 18) and is ripe for decision. For the reasons discussed below, the motion is due to be denied, but Plaintiff shall replead the complaint.

**I.      Background**

Plaintiff Blount County Tractor ("BCT") sells, retails, and leases tractors and related equipment. (Doc. # 1 at 3). Plaintiffs Allen and Fred Stoffregen are the owners of BCT. (*Id.* at 4). Defendant is a distributor of tractors and related equipment. (*Id.*). BCT entered a dealership agreement with Defendant to be a supplier of Kubota tractors and products. (*Id.*). Currently, the relationship between BCT and Defendant operates under a June 2015 Dealer Sales and Service Agreement. (*Id.*; *see* Doc. # 22-1).

On August 6, 2020, the Stoffregens indicated to Defendant's regional sales manager that they were considering selling their dealership. (Doc. # 1 at 9). At a follow-up meeting on September 6, 2020, Defendant's district sales manager informed the Stoffregens of Defendant's new "Route 66" strategy, which entailed changing its business model and consolidating to a fewer number of large dealerships. (*Id.*). As a result, Defendant planned to have only one dealership in

north central Alabama and did not plan to allow a dealership to continue in Blount County. (*Id.*). This effectively meant it would be substantially less advantageous for the Stoffregens to transfer their rights in the dealership as part of a sale. (*Id.*). The district sales manager sent the Stoffregens a letter confirming Defendant's move to the Route 66 strategy. (Doc. # 1-2 at 2). Under the new model, in the event of the sale of Blount County Tractor, Defendant would not approve the facility as a Kubota dealer because the facility did not meet the Kubota Dealer Guidelines and the local market area was not viable under the Route 66 strategy. (*Id.*).

On July 28, 2021, counsel for Plaintiffs sent a letter to Defendant explaining that "[s]everal parties have indicated an interest in purchasing the Stoffregens' dealership …" (Doc. # 1-3 at 2). In the letter, Plaintiffs requested Defendant to confirm two things. First, "[Defendant] will not treat discussions [with potential purchasers of BCT] as a breach of the parties' June 26, 2015 Dealer Agreement." (*Id.*). And second, "[Defendant] will not unreasonably withhold its written consent to a sale of the Stoffregens' dealership." (*Id.*). Regarding the second request, Plaintiffs asked for "a written copy of any criteria that it would consider in deciding whether to consent to the sale and/or transfer of a dealership to new owners." (*Id.*).

Defendant responded and clarified the September 1, 2020 meeting as follows:

> [R]epresentatives from Blount attended a meeting with [Defendant's regional sales manager and district sales manager]. At the meeting, your clients advised that they were considering selling Blount. In response, KTC indicated that, in the event of a sale of Blount, the current Blount facility would not be an approved Kubota facility for the future. At no time did any KTC representative ever advise that the Stoffregens may not sell Blount. Rather, they indicated that *if* Blount *was sold*, the acquiring dealer's facilities would need to be located in a more strategic location. KTC's position is based on the fact that Blount's current local market area ("LMA") does not afford sufficient sales potential to continue to reasonably support a Kubota dealer.

(Doc. # 1-4 at 2). Defendant continued: "KTC has indicated to Blount, *in the event its dealership is sold*, KTC will require that the acquiring dealership be located in a more strategic geographic

2

location because Blount's current [local market area] does not afford sufficient sales potential to support a Kubota dealer." (*Id.*).

After receiving the letter from Defendant, Plaintiffs filed their complaint seeking damages for breach of contract, a declaratory judgment, and an injunction. (Doc. # 1). In turn, Defendant has moved to dismiss the complaint for failure to allege a justiciable claim and for failure to state a claim upon which relief can be granted.

**II.     Standard of Review**

    **a.     Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of standing is brought under Federal Rule of Civil Procedure 12(b)(1). *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 807 n.8 (11th Cir. 1993). "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to [determine whether it has] jurisdiction and [if so] then decide the 12(b)(6) motion." *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984); *Harris v. Bd. of Trustees Univ. of Ala.*, 846 F. Supp. 2d 1223, 1230 (N.D. Ala. 2012).

The jurisdiction of the federal court may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks, on the other hand, "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citation omitted). Regardless of whether a challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."

*Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)).

    **b.**    **Federal Rule of Civil Procedure (12)(b)(6)**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

When a court rules on a 12(b)(6) motion to dismiss, it generally is "limited to reviewing what is within the four corners of the [plaintiff's] complaint." *Brickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). If a court looks beyond the plaintiff's complaint, usually it "must convert the motion to dismiss into one for summary judgment." *Property Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985). The Eleventh Circuit "recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997)).

**III.   Analysis**

As explained in more detail below, at this stage of the litigation, it appears that Plaintiffs have alleged sufficient facts for the court to conclude each Plaintiff has standing, and this controversy is ripe for judicial review. However, the complaint is a shotgun pleading that Plaintiffs must replead. So, the court will be in a better position to evaluate standing and ripeness when an amended complaint is filed.

### a. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Article III limits this court's jurisdiction to "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Here, Defendant raises two principles of justiciability: standing (particularly as that doctrine relates to constitutional constraints); and ripeness.

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (internal quotations and citations omitted).

A plaintiff's burden of proof to show these three elements of standing is dependent on the stage of the litigation. *Miccosukee Tribe of Indians of Fla. v. southern Everglades Restoration Alliance*, 304 F.3d 1076, 1080 (11th Cir. 2002). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citing *Lujan*, 504 U.S. at 561).

An economic injury is the epitome of a concrete injury. *Debernadis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084 (11th Cir. 2019) (citing *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019)). A party suffers an economic injury when his property has experienced a diminution in value. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 115 (1979) ("[C]onvincing evidence that the economic value of one's own home has declined as a result of the conduct of another certainly is sufficient under Art. III to allow standing to contest the legality of that conduct."). Another example of a "person experienc[ing] an economic injury [occurs] when, as a result of a deceptive act or an unfair practice, [a plaintiff] is deprived of the benefit of his bargain." *Debernadis*, 942 F.3d at 1084.

Ripeness -- while often overlapping with a standing inquiry -- is a separate justiciability doctrine. *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006) ("[T]here may be standing without ripeness … or there may be ripeness without standing."). While standing focuses on injury in fact, causation, and redressability, ripeness evaluates "the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Id.* at 1211.

Plaintiffs assert a diminution of value to their property -- the rights they allegedly obtained in the parties' June 2015 Dealership Agreement. Alternatively, Plaintiffs allege a deprivation of the benefit of the bargain from the Dealership Agreement. Either way, Plaintiffs allege an economic injury, which is a concrete injury-in-fact. That injury is fairly traceable to what Plaintiffs contend is Defendant's violation of the Alabama Franchise Act. And, the court could redress any such injury, if proven, by awarding damages and/or entering an injunction.

Further, Alabama's Tractor, Lawn, and Garden and Light Industrial Equipment Franchise Act provides:

> Notwithstanding the terms, provisions or conditions of any dealer franchise or dealer agreement or the terms or provisions of any waiver, and notwithstanding any

>other legal remedies available, *any person who is injured in his business or property by a violation of this chapter*, by the commission of any unfair and/or deceptive trade practices, or because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of this chapter, *may bring a civil action in a court of competent jurisdiction to enjoin further violations, to recover any damages sustained by him, together with the costs of the suit, including a reasonable attorney's fee*. This section applies equally to both manufacturers and dealers.

Ala. Code § 8-21A-12 (emphasis added). Both Blount County Tractor Inc. and the individual Plaintiffs have standing to bring a cause of action against Defendant for violating any provision of the Alabama Franchise Act.

The claims are also ripe. For example, the Alabama Franchise Act provides:

>It shall be a violation of this chapter for a supplier … [t]o prevent or attempt to prevent, by contract or otherwise, any equipment dealer or any officer, member, partner, or stockholder of any dealer from selling or transferring any part of the interest of any one of them to any other person or persons or party or parties. However, no dealer, officer, partner, member, or stockholder shall have the right to sell, transfer, or assign the dealership and/or the dealer agreement without the written consent of the supplier, provided however that consent shall not be unreasonably withheld.

Ala. Code § 8-21A-3(8).[1] The first sentence protects dealers (and its officers) from a supplier's attempts to prevent the sale or transfer of rights in a dealer agreement. Plaintiffs are not required to allege that Defendant attempted to prevent the sale of the dealership to a *specific* purchaser. The facts they have alleged in their complaint present a claim ripe for review. The controversy is concrete and touches the legal relations of the parties — whether Defendant has violated the Alabama Franchise Act or breached the June 2015 Dealership Agreement. And, Plaintiffs will suffer hardship without judicial review of the controversy — namely, the continued loss from the diminution of value of their property.

---

[1] Plaintiffs allege additional violations of the Alabama Franchise Act, but the court has limited its discussion to alleged violations of § 8-21A-3(8) merely to illustrate that the claims are ripe for judicial review.

8

Therefore, Plaintiffs' have standing to bring this action, and the controversy is ripe for judicial review. Of course, having standing to present a claim and asserting a valid claim are two different things. Accordingly, the court will address Defendant's arguments for dismissal predicated on Rule 12(b)(6).

**b.      Rule 12(b)(6)**

Over the years, our court of appeals has been particularly sensitive to so-called shotgun pleadings. As a general rule, the Eleventh Circuit divides shotgun pleadings into four categories. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). It has explained that a shotgun complaint is one that:

> (1) contain[s] multiple counts where each adopts the allegations of all preceding counts; (2) [is] filled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do[es] not separate each cause of action or claim into separate counts; or (4) assert[s] multiple claims against multiple defendants but do[es] not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Assoc*, 813 Fed. App'x. 353, 355 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321-23 (11th Cir. 2015)). The common characteristic between all four types is the failure "to give defendants adequate notice of the claims against them and the grounds which each claim rests." *Weiland*, 792 F.3d at 1323. When a deficient complaint is filed, the court generally will provide the plaintiff with "at least one chance to amend the complaint before [it] dismisses the action with prejudice [as a shotgun pleading]." *Brown*, 813 Fed. App'x. at 355.

The court concludes that the complaint at issue here is a shotgun pleading of the third type described in *Weiland*. Plaintiffs have failed to provide notice to Defendant as to what separate grounds they rely upon to allege a breach of contract claim. Therefore, Plaintiffs must replead. In the amended complaint, Plaintiffs shall allege in separate counts which provisions of the contract they contend Defendant breached and the factual predicate for each alleged breach.

Also, the complaint appears to assert two substantive causes of action: (1) Breach of Contract and (2) Violation of the Alabama Franchise Act. However, two of the three counts refer to remedies rather than claims: "Count I - Declaratory Judgment" and "Count II - Injunction." The court notes that the current pleading presents at least two problems. First, the Declaratory Judgment Act is merely procedural and creates a vehicle by which federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). But, it appears that Plaintiffs invoke the substantive rights of the Alabama Franchise Act. Therefore, in their amended complaint, Plaintiffs shall make clear whether they are alleging a violation of the Alabama Franchise Act and/or seeking a declaration of rights under the Alabama Franchise Act.

Second, injunctive relief is not properly pled as a separate cause of action. Rather, injunctive relief is only available as a part of the relief granted to a plaintiff who prevails on a substantive claim. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Therefore, Count II of Plaintiffs' complaint is off the mark. In their amended complaint, Plaintiffs shall make clear that requested injunctive relief is sought as a remedy under a substantive cause of action (*e.g.*, breach of contract or violation of the Alabama Franchise Act) and specify which substantive claim it is sought under.

**IV.    Conclusion**

Defendant's motion to dismiss is due to be denied. However, Plaintiffs must replead the complaint. In the amended complaint, Plaintiffs shall not plead remedies as separate counts. Also, Plaintiffs shall separate their different theories for each cause of action into separate counts and provide the proper factual predicate for each.

**DONE** and **ORDERED** this November 19, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE